<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000706
01-MAY-2024
08:03 AM
Dkt. 63 SO**</span>

NO. CAAP-19-0000706

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HARRIDEEN L. AMBROSE, Appellant-Appellant,
v.
STATE OF HAWAIʻI, DEPARTMENT OF HAWAIIAN HOME LANDS,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000121)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

This is a secondary appeal from the "Hawaiian Homes **Commission**'s Findings of Fact, Conclusions of Law, and **Decision** and Order" filed on March 7, 2019. Harrideen L. **Ambrose** appeals from the Final Judgment entered by the Circuit Court of the Second Circuit on November 6, 2019, which affirmed the Commission.[1] We affirm.

The Department of Hawaiian Home Lands (**DHHL**) leased homestead property in Paukūkalo on the island of Maui to Ambrose. The **Lease** required that Ambrose "occupy and commence to use the residence lot as [her] home within one year of the date of this lease, and shall thereafter continue to occupy and use said lands on [her] own behalf[.]" On September 28, 2018, the Commission

---

[1] The Honorable Peter T. Cahill presided.

issued a notice that it would hold a contested case hearing at DHHL's request. The notice stated: "The purpose of the hearing is to determine whether [Ambrose]'s Lease should be canceled due to her failure to occupy the homestead." The Commission conducted the hearing on October 16, 2018. The Decision was filed on March 7, 2019. The Commission found and concluded that Ambrose breached the Lease. The Commission cancelled the Lease.

Ambrose appealed to the circuit court on April 4, 2019. The circuit court entered an order affirming the Decision, and the Final Judgment, on November 6, 2019. This appeal followed.

Our review of the circuit court's decision on Ambrose's appeal from the Commission's Decision is a secondary appeal; we apply the standards of HRS § 91-14(g) to the Commission's Decision to decide whether the circuit court was right or wrong in affirming the Commission. See Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018). Relevant to this appeal, HRS § 91-14(g) (2012 & Supp. 2018) provides:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> . . . .
>
> (3)　Made upon unlawful procedure; [or]
>
> (4)　Affected by other error of law[.]

We review the Commission's conclusions of law de novo. Del Monte Fresh Produce (Haw.), Inc. v. International Longshore & Warehouse Union, Local 142, 128 Hawaiʻi 289, 302, 287 P.3d 190, 203 (2012). But conclusions presenting mixed questions of fact and law are reviewed under the clearly erroneous standard because they are dependent on the facts and circumstances of the particular case. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

**(1)** Ambrose argues the Decision was made on unlawful procedure because a hearings officer didn't draft a recommended decision and serve it on each party or counsel of record, as required by Hawaii Administrative Rules (**HAR**) § 10-5-41, and she was thus deprived of the opportunity to present arguments to the Commission under HAR § 10-5-42. We reject her argument because HAR §§ 10-5-41 and -42 apply only when a contested case is heard by a hearings officer assigned under HAR § 10-5-33. Ambrose's contested case was heard by the Commission. See HAR § 10-5-39(a) ("All contested cases shall be heard *either* before the commission *or* a hearing officer duly designated by the commission or chairman." (emphasis added)). Ambrose's arguments were presented directly to the Commission, which properly issued its Decision.

**(2)** Ambrose argues the Commission's conclusion of law (**COL**) no. 8 (which her brief incorrectly calls "Paragraph 6") was wrong. The Commission concluded:

> 8. [Ambrose] has not continuously occupied the Paukukalo [sic] Property since her assumption of Lease No. 5410 in 2009. Failing to continuously occupy the property is a breach of Paragraph 18 of Lease No. 5410 and a violation of HHCA Section 208.

COL no. 8 is actually a mixed finding and conclusion. The finding — that Ambrose did not continuously occupy the leased property since 2009 — is supported by substantial evidence and is not clearly erroneous. The Commission found Ambrose's testimony about her occupancy not credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted). The conclusion — that Ambrose's failure to occupy the property was a breach of the lease and a violation of the Hawaiian Homes

3

Commission Act, 1920, section 208[2] — was supported by the Commission's findings and applied the correct rules of law.  The Commission will not be overturned.  See Est. of Klink, 113 Hawaiʻi at 351, 152 P.3d at 523.

For these reasons, the "Hawaiian Homes Commission's Findings of Fact, Conclusions of Law, and Decision and Order" filed on March 7, 2019, and the circuit court's "Final Judgment" entered on November 6, 2019, are affirmed.

DATED: Honolulu, Hawaiʻi, May 1, 2024.

On the briefs:

Michael J. Collins,
for Appellant-Appellant.

Craig Y. Iha,
Ryan K.P. Kanakaole,
Deputy Attorneys General,
State of Hawaiʻi,
for Appellee-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[2]     The Hawaiian Homes Commission Act, 1920, § 208 (2009) provides:

> (3)     The lessee may be required to occupy and commence to use . . . the tract as the lessee's home . . . within one year after the commencement of the term of the lease.
>
> (4)     The lessee thereafter, for at least such part of each year as the department shall prescribe by rules, shall occupy . . . the tract on the lessee's own behalf.